**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2024-0154, <u>A.B. v. D.S.</u>, the court on August 22, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, D.S., appeals a domestic violence final order of protection, <u>see</u> RSA 173-B:5, I (2022), issued by the Circuit Court (<u>Swegart</u>, J.), following a hearing, in favor of the plaintiff, A.B. The defendant argues that the evidence was insufficient to support the trial court's findings that he engaged in certain crimes enumerated by RSA 173-B:1, I (2022), and that such conduct constituted "a credible present threat to the [plaintiff's] safety," <u>id</u>. The defendant further argues that the trial court unsustainably exercised its discretion by not admitting certain statements of the plaintiff recanting her allegations in two prior cases. We affirm.

To obtain relief under RSA chapter 173-B, a plaintiff is required to prove, by a preponderance of the evidence, that the defendant engaged in "abuse." <u>S.C. v. G.C.</u>, 175 N.H. 158, 163 (2022). A finding of "abuse" requires proof that the defendant, a family or household member or a current or former sexual or intimate partner of the plaintiff, committed or attempted to commit one or more statutorily enumerated crimes and that such conduct constituted "a credible present threat to the [plaintiff's] safety." RSA 173-B:1, I; <u>see</u> <u>S.C.</u>, 175 N.H. at 163. On appeal, the trial court's findings of fact are final, and we engage in <u>de novo</u> review of questions of law raised by the appealing party. RSA 173-B:3, VI (2022); <u>S.C.</u>, 175 N.H. at 162.

We first address whether the trial court erred by not admitting the plaintiff's statements recanting allegations in two prior cases. In proceedings under RSA chapter 173-B, the trial court "shall not be bound by the technical rules of evidence and may admit evidence which it considers relevant and material." RSA 173-B:3, VIII (2022). We review challenges to the trial court's evidentiary rulings for unsustainable exercises of discretion and will reverse such rulings only if the rulings were clearly untenable or unreasonable to the prejudice of a party's case. <u>See</u> <u>In the Matter of McArdle & McArdle</u>, 162 N.H. 482, 485 (2011).

In this case, the defendant sought to introduce evidence that the plaintiff recanted allegations in a 2016 case in which she had asserted that the defendant had assaulted her mother. He also sought to introduce evidence that the plaintiff recanted allegations in a separate case in which she asserted

claims against her father.  The plaintiff admitted that she had recanted her allegations in the prior cases, asserting that with respect to the case involving the defendant, she was coerced into recanting the allegations, and that with respect to the allegations involving her father, the allegations were incorrect and made under the influence of a medication.  The trial court ruled that it would not admit the statements because the plaintiff admitted that she had recanted the allegations in the two prior cases, and that, therefore, whether the plaintiff had made prior statements that she withdrew was not an issue in dispute.

Thereafter, when the trial court, in addressing the admissibility of other documents, asked the defendant what additional documents he had with him, he responded, "these are the other ones where [the plaintiff] had pressed charges against me in the past," "[a]nd plus with her mother and everything else, and the State of New Hampshire statements, you don't need that." (Emphasis added.)  In response, the trial court again explained that the plaintiff "agrees that that happened.  She has her own version as to why it happened.  But I don't have to look at it because it's not a fact in dispute.  I take your word for it."  The defendant responded, "Understand, sir."

The defendant argues that the trial court should have admitted the plaintiff's statements recanting her prior allegations because they "had direct relevance to her propensity for truthfulness," notwithstanding her admission to having recanted the allegations.  At no point after the trial court explained why it would not admit the statements, however, did the defendant make this argument or otherwise object to the ruling.  Instead, the defendant effectively acquiesced in the ruling, asserting that the trial court did not need the statements, and then stating, "Understand, sir," after the trial court again explained why it would not admit them.  Under these circumstances, the argument is not preserved.  See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) (articulating long-standing rule that parties may not have review of issues not raised in the trial court); State v. Therrien, 144 N.H. 433, 436-37 (1999) (finding challenge to evidentiary ruling not preserved when defendant, in response to trial court's explanation why it would not allow certain testimony, withdrew the question through which he sought to elicit the testimony).  Even if the issue were preserved, however, given that the plaintiff readily admitted that she had recanted her allegations in the two similar cases, we cannot conclude that the trial court's decision not to admit extrinsic evidence of those recantations was clearly untenable or unreasonable to the prejudice of the defendant's case.  See McArdle, 162 N.H. at 485.

We next address the defendant's challenges to the sufficiency of the evidence.  We review sufficiency of the evidence claims as a matter of law and will uphold the trial court's findings and rulings unless they lack evidentiary support or are tainted by error of law.  S.C., 175 N.H. at 162.  We view the evidence in the light most favorable to the prevailing party, here, the plaintiff,

2

deferring to the trial court's judgment in evaluating the credibility of the witnesses and the weight of the evidence presented. Id. at 162-63. It is the burden of the appealing party, here the defendant, to provide so much of the record as is required to decide the issues raised. See Bean, 151 N.H. at 250. We assume that relevant portions of the evidentiary record not provided on appeal, including trial exhibits, support the result reached by the trial court. See id.; In the Matter of Rokowski & Rokowski, 168 N.H. 57, 62 (2015) (applying Bean to appealing party's failure to provide exhibits admitted into evidence at evidentiary hearing).

At the hearing in this case, the plaintiff attested to the accuracy of the allegations in the affidavit that she had filed in support of her petition, and the trial court specifically explained to the defendant that it would rely upon the plaintiff's affidavit as evidence in the case. On appeal, the defendant has neither challenged the trial court's decision to rely upon the affidavit, nor provided a copy of it. Nor has the defendant provided the exhibits submitted into evidence by both parties at the hearing. Accordingly, we assume that the evidence was sufficient to support the trial court's predicate findings of "abuse." See Bean, 151 N.H. at 250; Rokowski, 168 N.H. at 62. Upon this record, we cannot conclude that the trial court's decision was either unsupported by the evidence or tainted by error of law. S.C., 175 N.H. at 162.

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**